KEVIN MAHONEY, Esq. (SBN: 235367)
kmahoney@mahoney-law.net
JENNIFER HAN (SBN: 281655)
jhan@mahoney-law.net
NICHOLAS POPER (SBN: 293900)
npoper@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Boulevard, Suite 814
Long Beach, CA  90802
Phone No.: 562.590.5550
Fax No.: 562.590.8400

Attorneys for Plaintiff DANIEL BRANCH, as individual and on behalf of all similarly situated employees

FILED
CLERK, U.S. DISTRICT COURT
JUL 1 0 2015
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BRANCH, as an individual and on behalf of all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>PM REALTY GROUP, LP and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.: 2:15-cv-3303<br><br>*Assigned to the Honorable Manuel L. Real*<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Complaint Filed: March 17, 2015 |

In order to facilitate the exchange of information and documents which may be confidential, private, or otherwise subject to limitations on disclosure due to federal or state laws, privacy rights, or otherwise, Plaintiff Daniel Branch

—1—

("Plaintiff") and Defendant PM Realty Group, LP ("Defendant") (collectively, the "Parties") stipulate as follows:

1. **Purpose.** In addition to the above reasons, the Parties have agreed that Defendant will provide contact information of putative class members to Plaintiff, subject to the Court's approval of the instant Protective Order, without engaging the procedure described in *Belaire-West Landscape v. Superior Court*, 149 Cal. App. 4th 554 to notify putative class members because Plaintiff contends there is insufficient time to complete the *Belaire* process prior to the motion for class certification deadline and the instant Protective Order provides reasonable limitations and privacy protections. *See Alvarez v. The Hyatt Regency Long Beach*, 2010 WL 9505289 (C.D. Cal. 2010).

2. **Definitions.** The Parties stipulate to the following definitions:

    a. "Proceeding" means the above-entitled proceeding, Case No. 2:15-cv-3303.

    b. "Court" means the District Judge Manuel L. Real, or any other judge to which this Proceeding may be assigned, including Magistrate Judges and/or Court staff participating in such proceedings.

    c. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" under the provisions of this Stipulation and Protective Order.

    d. "Attorneys' Eyes Only Materials" means "Confidential Materials" which constitutes, discloses, reveals, describes or discusses, in whole or in part, highly sensitive information including information about any Party's net worth, and financial statements, budgets, and/or contact information for putative class members which will be provided in lieu of a *Belaire* Notice in order to expedite the preparation for class certification proceeding for the reasons discussed above.

-2-

STIPULATION AND PROTECTIVE ORDER

  e. "Designating Party" means the Party that designates Materials as "Confidential" or "Attorneys' Eyes Only Information."

  f. "Disclose," "Disclosed," or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

  g. "Documents" is synonymous in meaning and scope with the definition of "documents" under Federal Rule of Civil Procedure 34(a).

  h. "Information" means the content of Documents or Testimony.

  i. "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

**3. No Waiver of Discovery Rights and Privileges.** The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to discovery, including any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

**4. Designating Documents, Testimony, or Information as "Confidential" or "Attorneys' Eyes Only Material."** Any Documents, Testimony, or Information to be designated as "Confidential" or "Attorneys Eyes' Only Materials" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced.

  a. <u>Documents.</u> For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

b. <u>Testimony.</u> For Testimony given in depositions the Designating Party may either:

    i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

    ii. designate specific portions of a witness' testimony as "Confidential" while the witness is testifying about a particular subject matter or topic where "Confidential" information is likely to be disclosed; or

    iii. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

c. <u>Information.</u> For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Attorneys' Eyes Only." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, must identify the "Confidential" and "Attorneys' Eyes Only" portions.

///

5.  **Contact Information of Putative Class Members.** If any of the undersigned Parties, or other individual acting on their behalf, initiate contact with potential putative class members, each Party, or other individual acting on its behalf, will inform each contact potential putative class member that he or she has a right not to talk to counsel about this case and/or the claims asserted by Plaintiff Branch and that if he or she elects not to talk to counsel, counsel will then terminate the contact and not re-contact the individual.

6.  **Inadvertent Production of Confidential or Attorneys' Eyes Only Materials.** The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Confidential Material during discovery in this Proceeding without a "Confidential" or "Attorneys Eyes Only" designation, does not waive any claim that the item is "Confidential" or "Attorneys' Eyes Only."

    a.  <u>Notice.</u> If any Confidential Material or Attorneys' Eyes Only Materials is inadvertently produced without such designation, the Party that inadvertently produced the document must give written notice of the inadvertent production within 20 days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" (the "Inadvertent Production Notice").

    b.  <u>Receiving Party's Obligations.</u> After receiving the Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information must promptly destroy it and all copies thereof, or return it together with all copies of same to the producing Party's counsel at the producing Party's expense. Should the receiving Party choose to destroy the inadvertently produced Document, Testimony, or Information, the receiving Party must notify the producing Party in writing of such destruction within 10 days of receipt of written notice of the inadvertent production. If this provision conflicts

with any applicable law or rule regarding waiver of confidentiality through the inadvertent production of Documents, Testimony, or Information, such law will govern.

**7. Objecting to "Confidential" or "Attorneys' Eyes Only" Designation.** A Party shall not be obligated to challenge the propriety of a confidentiality or attorneys' eyes only designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. All challenges to the propriety of a confidentiality or attorneys' eyes designation only shall first be made in writing by letter or other document identifying the specific material challenged. Within fourteen (14) days of such a challenge, the Designating Party shall substantiate the basis for such designation in writing to the other Party, or forever waive the protections of this Order with respect to the challenged information. The Parties shall first attempt to resolve such challenges in good faith on an informal basis. If the dispute cannot be resolved, the Party seeking to maintain the designation may seek appropriate relief from the Court. If such relief is not sought within thirty (30) days after the letter substantiating the designations was sent to the Receiving Party, the Confidential or Attorneys' Eyes Only Materials shall be re-designated in accordance with the challenging Party's proposed designation as set forth in the letter referenced herein by the challenging Party. Any document designated "Confidential Materials" or "Attorneys' Eyes Only Materials" shall enjoy the protection of such designation until the issue relating to the propriety of the designation has been resolved.

**8. Access to Confidential Materials.** Only the following persons may view Confidential Materials:

    a.    The Parties;

    b.    The Parties' counsel, including their partners, associates, paralegals, assistants, staff, employees, contractors, and outside copying

services who are working on this Proceeding and to whom it is necessary that the Confidential Materials be Disclosed for purposes of this Proceeding;

    c.    Expert witnesses or consultants consulted by the Parties or their counsel in connection with the Proceeding;

    d.    any person who authored, received, saw, or otherwise previously knew the contents of the Confidential Material;

    e.    court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

    f.    mediator or approved settlement officer; and

    g.    the Court.

**9. Access to Attorneys' Eyes Only Materials.** Only the following persons may view Attorneys' Eyes Only Materials:

    a.    The Parties' counsel, including their partners, associates, paralegals, assistants, staff, employees, contractors, and outside copying services who are working on this Proceeding;

    b.    Expert witnesses or consultants consulted by the Parties or their counsel in connection with the Proceeding;

    c.    court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

    d.    mediator or approved settlement officer; and

    e.    the Court.

**10. Certification Required of Experts Before Viewing Confidential Materials.** Before Confidential Materials or Attorneys' Eyes Only Materials are disclosed to any expert witnesses or consultants, the disclosing Party's counsel must provide a copy of this Stipulation and Protective Order to such person, explain its terms to such person, and require them to sign the form attached as

Exhibit A.

**11. Use of Confidential Materials and Attorneys' Eyes Only Materials.** Confidential Materials and Attorneys' Eyes Only Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

**12. Relief from this Stipulation and Protective Order.** Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from, any provision of this Stipulation and Protective Order.

**13. Third-Party Designation of Documents, Testimony, or Information as "Confidential."** Any Documents, Testimony, or Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order. This designation will have the same force and effect, and create the same duties and obligations, as if made by one of the Parties. This designation will also function as a consent by the producing Party to the authority of the Court in the Proceeding to resolve any motion or other application made by any person or Party regarding the designation.

**14. Subpoena of Confidential Materials or Attorneys' Eyes Only Materials.** If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials or Attorneys' Eyes Only Materials receives a subpoena or other process from any government or other person or entity demanding production of Confidential Materials Attorneys' Eyes Only Materials, the recipient of the subpoena must promptly notify counsel for the Designating

Party by email, attaching a copy of the subpoena. Upon receiving this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the subpoena, otherwise oppose production of the Confidential Materials or Attorneys' Eyes Only Materials, and/or seek to obtain confidential treatment of such Confidential Materials or Attorneys' Eyes Only Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the subpoena may not produce any Confidential Materials or Attorneys' Eyes Only Materials in response to the subpoena before the date specified for production in the subpoena.

**15. Notice of Disclosure of Confidential Materials or Attorneys' Eyes Only Materials.** If any non-Designating Party becomes aware that any person, including the non-Designating Party, their employees, witnesses, consultants, or vendors, has disclosed Confidential Materials other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party must immediately notify the Designating Party and cooperate to the fullest extent possible in remedying such disclosure. The non-Designating Party providing notice and/or remedying the disclosure of Confidential Materials will not preclude the Designating Party from pursuing any remedies available under applicable law or procedural rules, including the imposition of sanctions against the non-Designating Party.

**16. Filing of Confidential Materials or Attorneys' Eyes Only Materials.** The Parties agree to comply with the applicable rules of procedure and/or judge's rules or standing order regarding the filing of Confidential Materials. If no such rules exist or apply, the Parties agree to meet and confer regarding the appropriate procedure for filing confidential materials before filing such materials.

///

17. **Use of Confidential Materials or Attorneys' Eyes Only Materials at Trial.** The Parties agree to comply with the applicable rules of procedure and/or judge's rules or standing order regarding the use of Confidential Materials at trial. If no such rules exist or apply, the Parties agree to meet and confer regarding the appropriate procedure for using Confidential Materials at trial before using such materials at trial.

18. **Stipulation and Protective Order Remain Binding after Proceeding Ends.** This Stipulation and Protective Order will continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. If permitted by applicable law, the Court will retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding ends.

19. **Destruction or Return of Confidential Materials and Attorneys' Eyes Only Materials after Proceeding Ends.** Upon written request made within 30 days after this Proceeding ends, the Parties will have 30 days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and Attorneys' Eyes Only Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials and Attorneys' Eyes Only Materials, or (c) as to any Documents, Testimony or other Information not addressed by parts (a) and (b) of this paragraph, file a motion seeking a Court order regarding proper

preservation of such Materials. If permitted by law, the Court will retain jurisdiction to review and rule upon the motion referred to in part (c) of this paragraph.

20. **Confidential Materials Produced Before Filing of this Stipulation and Protective Order.** Defendant's counsel will promptly file this Stipulation and Protective Order once it is signed by all Parties. However, the Parties agree to be bound by the terms of this Stipulation and Protective Order with regard to any Confidential Materials produced before such filing.

21. **Agreement to Be Bound Pending Court Approval of this Stipulation and Protective Order.** The Parties and all signatories to the Certification attached as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. If the Court modifies this Stipulation and Protective Order, or if the Court enters a different protective order, the Parties agree to be bound by this Stipulation and Protective Order until either event occurs.

22. **Entire Agreement.** This Stipulation and Protective Order represents the entire agreement between the Parties with respect to the designation, handling, and use of Confidential Materials.

///
///
///
///
///
///
///
///
///

**23. Counterparts.** This Stipulation and Protective Order may be executed in counterparts.

Respectfully submitted,

Dated: July 8, 2015                MAHONEY LAW GROUP, APC

                          By:   /s/ Nicholas D. Poper
                                Kevin Mahoney
                                Jennifer Han
                                Nicholas D. Poper
                                Attorneys for Plaintiff DANIEL BRANCH as individual and on behalf of all similarly situated employees.

Dated: July 8, 2015                LITTLER MENDELSON P.C.

                          By:   /s/ Keith A. Jacoby
                                Keith A. Jacoby
                                Elizabeth C. Nguyen
                                Haven L. Claytor
                                Attorneys for Defendant PM Realty Group, LP

## ATTESTATION OF FILING

I, Nicholas Poper, the CM/ECF User submitting this electronic filing, hereby attest that, pursuant to Local Rule 5-4.3.4 a 2 (i), all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this electronic filing.

                                          /s/ Nicholas Poper
                                          Nicholas Poper

# [~~PROPOSED~~] ORDER

Good cause appearing therefore, the Court approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

Dated: 7/10/15

_____
Honorable Manuel L. Real

— 13 —

STIPULATION AND
PROTECTIVE ORDER

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL MATERIALS

I certify and understand that:

1. I have received and reviewed a copy of the Stipulation and Protective Order entered in this Proceeding. I agree to be bound by its terms.

2. I understand and agree that any Confidential Materials or Attorneys' Eyes Only Materials provided to me in this Proceeding are subject to the terms and conditions of the Stipulation and Protective Order.

3. I agree not to disclose any Confidential Materials or Attorneys' Eyes Only Materials provided to me in this Proceeding to any person or entity unless I am expressly authorized to do so under the terms and conditions of the Stipulation and Protective Order, and only in the manner provided by the Stipulation and Protective Order.

4. I understand and agree that Confidential Materials or Attorneys' Eyes Only Materials may only be used for the purposes of this Proceeding and not for any other purpose.

5. I understand and agree that throughout my participating in this Proceeding that I must store Confidential Materials or Attorneys' Eyes Only Materials in a secure manner. I further understand and agree that when my participation in this Proceeding ends, I must return all Confidential Materials or Attorneys' Eyes Only Materials to counsel who provided me with such Confidential Materials or Attorneys' Eyes Only Materials or confirm in writing that I have destroyed all Confidential Materials and or Attorneys' Eyes Only Materials that I received.

///

///

///

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _____ day of _____, 20\_\_, at _____.

DATED: _____  BY: 

_____
Signature

_____
Title and Company Name