JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BRANCH, as an individual and on behalf of all similarly situated employees,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PM REALTY GROUP, LP and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | CASE NO.  CV 15-3303-R<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

　　　Before the Court is Plaintiff's Motion to Remand, which was filed on July 28, 2015. Having been thoroughly briefed by both parties, this Court took the matter under submission on August 28, 2015.

　　　To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). When removal is based on diversity of citizenship, an amount-in-controversy requirement must be met. Ordinarily, "the matter in controversy [must] excee[d] the sum or value of $75,000." 28 U.S.C. § 1332(a). In class actions for which the requirement of diversity of

citizenship is relaxed, § 1332(d)(2)(A)–(C), "the matter in controversy [must] excee[d] the sum or value of $5,000,000," § 1332(d)(2). Under the Class Action Fairness Act ("CAFA"), a federal district court has original jurisdiction over a class action where the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *Id*.

This last requirement under CAFA, the $5 million amount in controversy, has become a major point of contention between many parties. *See Dart Basin Operating Co. v. Owens*, 135 S.Ct. 547 (2014); *Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193 (9th Cir. 2015); *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994 (9th Cir.2007). In *Dart*, the Supreme Court held that a removing party must initially file a notice of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 135 S.Ct. at 554. When "a defendant's assertion of the amount in controversy is challenged ... both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*.

In *Ibarra*, the Ninth Circuit had to decide what proof a defendant seeking removal must produce to prove the amount-in-controversy requirement under CAFA when the complaint did not include a facially apparent amount in controversy. 775 F.3d at 1195. Following the reasoning of the *Dart* Court, the Ninth Circuit found that remand back to the district court was necessary to allow both sides to submit evidence related to the contested amount in controversy. "As with other important areas of our law, evidence may be direct or circumstantial. In either event, a damages assessment may require a chain of reasoning that includes assumptions. When that is so, *those assumptions cannot be pulled from thin air but need some reasonable ground underlying them*." *Id*. at 1199 (emphasis added).

On March 17, 2015, Plaintiff Daniel Branch on behalf of himself and a proposed class of similarly situated employees brought this action in the Superior Court of California against Defendant PM Realty Group, LP ("PMRG"). Plaintiff alleges in his complaint several causes of action all arising under California state law.

On May 1, 2015, Defendant PMRG removed this action from the Los Angeles Superior

Court to this Court, alleging CAFA jurisdiction under Title 28 U.S.C. §§ 1332(a), 1441, 1446. The current motion before the Court is Plaintiff's Motion to Remand based on the Defendant's failure to establish that this Court has subject matter jurisdiction over this action, specifically, that the Defendant has failed to satisfy the amount in controversy jurisdictional threshold of $5 million.

In its Opposition to Plaintiff's Motion to Remand, PMRG asserts that there is $6,422,666 in controversy, based on assumed rates of violations for each of Plaintiff's claims. This estimate includes Warn Act penalties, unpaid overtime and minimum wage, unpaid rest breaks, unpaid meals, waiting time penalties, wage statement violations, and attorney's fees. PMRG's calculations are based on 184 class members with 19,215.57 workweeks for the putative class period. Moreover, PMRG's violation rate is based on the deposition testimony of several class members including the class representative, Daniel Branch.

Based on Mr. Branch's deposition testimony where he stated that he and putative class members were "often forced to forego a meal period and/or work during their meal period," Defendant assessed two meal period violations and two rest period violations per workweek for each putative class member. This assessment produced a combined total of $1,799,346 for all unpaid rest breaks and all unpaid meal periods. While PMRG is perhaps justified in using such a violation rate for Mr. Branch, PMRG erroneously applies this rate to the entire putative class. PMRG has failed to establish, by a preponderance of the evidence, that each putative class member, during the 19,215.57 workweek putative class period, is in fact entitled to such a violation rate. This generalized allegation is insufficient to allow PMRG to assume that all workweeks for each putative class member contained at least two meal period violations and two rest period violations. *See Ibarra*, 775 F.3d 1198-99. While it is true that Mr. Branch claims that he and putative class members were "often" forced to forego a meal period and/or work during their meal period, this does not mean that such violations occurred in each and every shift of each and every class member. *See id.* at 1199. It says nothing of the frequency of which PMRG would deprive class members of their entitled meal periods or rest periods. This claim accounts for $1,799,346 of PMRG's asserted amount in controversy.

Even assuming that the remaining claims are validly established, PMRG fails to show that

3

1  there is more than $5 million in controversy. The Court finds that PMRG fails to adequately
2  support its calculations of the amount placed in controversy and therefore this Court lacks
3  jurisdiction over this case under CAFA.
4  **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED.  (Dkt. No.
5  18)
6  Dated: September 8, 2015.

_____

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE